**In re Walter H. S. O'BRIEN.**

**No. 56461.**

Supreme Court of Missouri, En Banc.

April 10, 1972.

Don B. Sommers, Veryl L. Riddle, St. Louis, James E. Lockwood, Kansas City, for respondent.

Adrian DeYong, Jr., St. Louis, for informant.

MORGAN, Judge.

In this original proceeding, the Advisory Committee of the Missouri Bar seeks disciplinary sanctions against respondent Walter H. S. O'Brien, an attorney at law, for alleged professional misconduct.

After the filing of the information by the committee, we appointed a special commissioner to hold a hearing on the specifications therein. His report has now been filed. Therein are set out the commissioner's findings that respondent's conduct was as specified in each count of the information. No recommendations or suggestions as to punishment were made.

Informants by written brief and oral argument submit that the "charges are perhaps not the most serious to be leveled against an attorney," but that they do involve matters that can not be ignored or condoned and are such as to bring criticism upon the legal profession. After a careful examination of the record, we readily agree with each conclusion and commend the committee upon the fairness of its approach to the problem.

The information contains six specifications. They pertain to unrelated clients and the manner in which respondent provided legal services to each of the six during the years 1967, 1968 and 1969. No useful purpose would be served by detailing each specification and the events relating thereto. Generally, however, one complaint was initiated by a client for whom respondent had failed to prepare a deed to transfer title to a wooded tract from the client to both her and her husband in entirety. Oddly enough, respondent had promised to perform this service for nothing. The other five pertained to his failure to file divorce petitions and obtain the relief his clients sought. In at least two instances, such failure followed payment of a very modest but agreed fee. Others were in connection with cases wherein advance fees had been paid in small installments. In another, respondent had filed a petition, which was later dismissed at the request of the client by reason of a hoped for reconciliation, and he failed to refile the cause after additional payments. Restitution has been made in each case in the total amount of $570.30— a portion of which, it seems agreed, may already have been earned as fees by respondent. In addition, the record reflects respondent's neglect or inability to answer inquiries of the Advisory Committee about his handling of the cases noted, as well as the patience of the committee and its officers in their efforts to assist the respondent. It is not inappropriate to observe that it is rather tragic that an attorney would ignore the duty to respond to the suggestions of the committee, as well as fail to perform all of the obligations previously neglected—particularly, in view of the fact all could have been done by respondent in one working day in his office. At one hearing on July 10, 1970, respondent testified, "I get so nervous I just walk away from it."

The evidence does show that respondent allowed his weight to reach 275 pounds, and that during the period involved he was in bad health. His condition was evidenced by drowsiness, fatigue and lack of vitality and strength. In November, 1970, he was in the hospital for 24 days and was diagnosed as being diabetic—a condition of which he was not aware. He has now reduced his weight to 198 pounds and claims to have renewed energy and vitality sufficient to operate an active law office. It also seems agreed that respondent always expended much of what energy he might have had on an excessive amount of civic work, including not only Boys State of Missouri but several business, fraternal and veteran organizations at both the local and national level.

"We now consider the disciplinary action to be taken in this case. 'The main purpose of a proceeding of this nature is to make an inquiry into the fitness of an attorney to continue in the practice of law. Its main objective is not to punish the attorney but the protection of the public and the maintenance of the integrity of the profession and of the courts. The subject has been considered so often that we deem it sufficient to make reference to a number of cases and authorities and so shall not discuss the subject at length. [Citations].'" In Re Mattes, Mo., 409 S.W.2d 54, 57. In following the guidelines just quoted, we consider the fact restitution has been made,

**312**

and that fortunately no irretrievable harm has been suffered by the clients involved. Needless to say, members of the profession will regret even the inconvenience caused them.

As to the respondent himself, there is much to indicate that he now appreciates that his energies are not unlimited, and with proper care and treatment of his now diagnosed disease, that he can conduct himself as a competent attorney in his community. Testimony of different members of the Jefferson County Bar, including a retired circuit judge, a member of the Board of Governors of the Missouri Bar and the president of the county bar, all testified as to their confidence in respondent's ability to conduct himself properly in the future. Disturbingly, some members of the committee and our commissioner, who commented that respondent ". . . although apparently of robust physique, now [appears] to lack sustained vitality . ." are not so confident. If the fears of the latter are proven correct, there is one certain truth—the duties of the Advisory Committee include a continuing obligation to protect the integrity of the profession.

Notwithstanding his apparent illness over an extended period of time, respondent has a reputation of being an excellent attorney and skilled trial advocate. To disturb now his effort to rehabilitate himself and to justify the faith of the fellow members of his local bar would seem too harsh. Undoubtedly there do remain instances where some compassion is called for—even to members of the legal profession. At the moment, the action of the committee in filing the information, of which we certainly approve, appears to have corrected the situation. In re Mills, Mo., 462 S.W.2d 700.

Accordingly, the information is dismissed with costs taxed against the informants.

All concur except DONNELLY, J., not participating.