## In re Robert H. WENDT, Respondent.

### No. 59062.

Supreme Court of Missouri,
En Banc.

Dec. 13, 1976.

Lewis B. Shepley, David S. Hemenway, St. Louis, for informants.

George R. Gerhard, St. Louis, for respondent.

MORGAN, Judge.

In this original proceeding, the Bar Committee of the Twenty-Second Judicial Circuit seeks disciplinary sanctions against respondent Robert H. Wendt, an attorney at law, for professional conduct alleged to have been violative of Supreme Court Rule 4—"Code of Professional Responsibility."

The Honorable Elgin T. Fuller, having acted as Master in the cause by virtue of appointment by this court, now recommends that respondent be censured and that costs of the proceeding be assessed against him. Informant suggests that the recommended discipline would be inadequate, while respondent continues to deny any wrongdoing. Some factual background is called for to resolve the issue.

On the recommendation of another attorney, respondent in 1971 began the representation of one Leahman Triplett (an eight-time previously convicted felon) in two separate cases charging assault with intent to kill with malice. One charge stemmed from his putting a pistol to the head of a bar patron with whom he had argued and pulling the trigger, before some twenty witnesses, only to have the same fail to go off. He then dropped the pistol at the admonition of the armed bartender. The second charge was based on his then going to his home with a companion, obtaining a 12 gauge shotgun loaded with deer slugs and returning to lie in wait outside the tavern for the patron with whom he had argued. In the meantime, one Ken King, a stranger to the prior event, had entered the tavern to drink a beer. When he left, Triplett raised the shotgun and fired twice blowing off King's right leg below the knee. During the pendency of the two charges, it seems agreed that respondent was successful in obtaining dismissal of two other charges against Triplett in Peoria, Illinois, involving robbery with a dangerous and deadly weapon and another of aggravated assault. The state elected to try the shotgun case first and a hung jury resulted. Thereafter, by plea negotiations, respondent arranged a sentence of twelve years in each case to be served concurrently. Pleas were made and sentences were entered; but, at the request of Triplett, the same were set aside. Trial of the shotgun case a second time resulted in a finding of guilty and a sentence of thirty-five years under the provisions of the Habitual Criminal Act. An appeal was filed.

Triplett later learned that his companion in the shooting episode was released on bail pending his own appeal of a twenty-five

year sentence; and, he pressured his wife, half-brother and mother to obtain his release on bond. After their efforts with professional bondsmen were unsuccessful, respondent was contacted. With bond set at $35,000, respondent suggested that Triplett's release might be secured under § 544.455.1(5), RSMo 1969, which authorizes release after a deposit of 10% of the bond amount with court approval. The mother raised the $3,500 and the half-brother delivered it to respondent. The latter's effort was not successful because the trial court would not approve a percentage bond in view of Triplett's criminal record.

On delivery of the money, respondent had given a receipt (dated November 6, 1973) which read: "Robert H. Wendt hereby acknowledges receipt of $3,500 from Galon Smith [the half-brother] for the purpose of securing bail for Leahman Triplett. Failing such purpose, said money will be returned."

In the early part of 1974, the mother and half-brother began making demands on respondent for the return of the $3,500. When nothing was forthcoming, the present complaint was made. On July 29, 1975, respondent met with complainants. He returned $2,500 to them and with their approval retained $1,000 to apply on his fee statement—which had a balance due of approximately $15,000. Letters were then written by complainants to the committee asking withdrawal of the complaint, explaining that it had been predicated on a simple misunderstanding and expressing complete approval of the effort made by respondent to defend Triplett.

Nothing could be gained by detailing the many contacts that respondent had with Triplett's relatives during the period between execution of the "receipt" and the so-called "compromise." Those developed in the record tend to reflect some slight possibility there was a misunderstanding. However, absent the belated effort of complainants to assist respondent, the finding of the Master that respondent was guilty of professional misconduct in failing to return the $3,500 as called for in the receipt is supported by the record before this court. DR 1–102(A)(1), (4) and (5).

Protection of the public and maintenance of the integrity of the profession are paramount in a disciplinary proceeding. Punishment, as such, is secondary. *In re Mattes*, 409 S.W.2d 54, 57 (Mo. banc 1966); *In re O'Brien*, 478 S.W.2d 310, 311 (Mo. banc 1972).

Respondent, now 33 years of age, graduated from the School of Law of the University of Missouri—Columbia in 1967. Since that time, he has fulfilled his military obligation and developed a reputation as an outstanding lawyer in the City of St. Louis. Some of the most reputable lawyers and judges in this state testified on behalf of respondent. He was identified not only as one having excellent legal ability but a person of high ethical and moral standards. In his area of specialization, criminal law, he is known as a tough advocate and extremely competent. No one suggests that the offense complained of was anything other than an isolated event.

In the case of *In re Sullivan*, 494 S.W.2d 329 (Mo. banc 1973), this court quoted with approval (l. c. 334) from 7 Am. Jur.2d, Attorneys at Law, § 18, pp. 52, 53, as follows: "Disbarment is the extreme measure of discipline and should be resorted to only in cases where the lawyer demonstrates an attitude or course of conduct wholly inconsistent with approved professional standards. To disbar it should be clear that he is one who should never be at the bar; otherwise suspension is preferable. For isolated acts censure, public or private, is more appropriate." The recommendation of the Master is consistent therewith.

Respondent is hereby censured publicly and the costs of this proceeding are taxed against him.

BARDGETT, HENLEY and DONNELLY, JJ., concur.

FINCH, J., dissents in separate dissenting opinion filed.

HOLMAN, J., dissents and concurs in separate dissenting opinion of FINCH, J.

SEILER, C. J., dubitante.

FINCH, Judge (dissenting).

I respectfully dissent.

As noted in the principal opinion, respondent suggested to Mrs. Burnett, the mother of his client, Leahman Triplett, that it might be possible to secure his release pending appeal on the basis of a deposit of $3,500 which was one-tenth of the amount of the appeal bond. Mrs. Burnett raised that sum and sent it to respondent by her son, Galon Smith. Respondent then prepared, signed and delivered a receipt which read as follows:

"Robert H. Wendt hereby acknowledges receipt of $3,500 from Galon Smith for the purpose of securing bail for Leahman Triplett. Failing such purpose, said money will be returned."

Judge Bloom refused to approve the release of Triplett on the basis of a deposit of $3,500. Respondent then suggested to Mrs. Burnett and Galon Smith the possibility of appealing that decision to the Missouri Court of Appeals, St. Louis District. Subsequently, he decided against so doing and advised Mrs. Burnett and Smith. They then began to inquire about the return of the $3,500. Respondent did not return the money, claiming, according to his testimony, that he was entitled to retain it and apply it against his fee. Ultimately, Mrs. Burnett and Smith made complaint to the Circuit Bar Committee of the 22nd Judicial Circuit. After that was done, respondent went to see Mrs. Burnett and Smith and worked out an agreement whereby he repaid $2,500 and retained $1,000 to apply on the fee still due him for representing Triplett.

The master appointed by this court, after hearing evidence, concluded that respondent had converted the $3,500 to his own use and thereby violated applicable disciplinary rules DR 1–102(A)(1), (4), and (5). That conclusion, in my judgment, is compelled by the evidence. The receipt prepared by respondent very clearly stated that he received the $3,500 for the specific purpose of securing bail for Triplett and that failing that objective, the money would be returned. The objective was not achieved but respondent did not return the money even after repeated inquiry and request by Mrs. Burnett and Smith. It is apparent that he intended to retain the $3,500 and apply it against his unpaid fee regardless of his agreement evidenced by the receipt he prepared and gave, and that the only reason he ultimately returned part of the money was the fact that complaint had been made to the Circuit Bar Committee. Such conduct did constitute conversion which cannot be excused on the basis that part of respondent's fee had not been paid and that he was entitled to be paid.

In my judgment, it is not sufficient simply to censure respondent for this conduct and for that reason I cannot concur in the principal opinion. I would suspend respondent indefinitely with leave to apply for reinstatement after two years.