### UNITED STATES v. PARSONS.

#### (District Court, D. Montana. October 16, 1919.)

#### No. 3453.

POISONS ☞9—HARRISON NARCOTIC ACT; INDICTMENT.

An indictment charging that defendant, as a physician registered under Harrison Narcotic Act (Comp. St. §§ 6287g–6287q), by means of the prescribed forms, obtained opium for his own personal use, *held* not to charge an offense under section 2 of the act, which, to be constitutional, must be construed as in aid of the revenue features of the act.

Criminal prosecution by the United States against Dr. W. B. Parsons. On demurrer to indictment. Demurrer sustained.

E. C. Day, U. S. Atty., of Helena, Mont.
Chas. H. Hall, of Missoula, Mont., for defendant.

BOURQUIN, District Judge. The indictment charges that defendant is a physician duly registered in conformity to the Harrison Drug Act (Act Dec. 17, 1914, c. 1, 38 Stat. 785 [West's Comp. Stats. §§ 6287g–6287q]); that with the prescribed order forms he "did wrongfully, unlawfully, and feloniously obtain * * * opium, * * * for the purpose and with the intent in him, the said Dr. W. B. Parsons, then and there having to personally take and consume" the same, "and not for the purpose of using" it "in the conduct of any lawful business * * * or in the legitimate practice of his profession of physician." Demurrer (in effect), no offense charged.

The act is ostensibly a revenue measure, and within limits the courts must recognize it as such. At the same time any one with sense enough to be at large without a keeper knows the revenue feature, which possibly returns cents for dollars spent in administration, is but a fiction and device to enable Congress, otherwise disabled to suppress opium traffic and use, to hinder and obstruct such traffic and use so far as may

be done incidental to exercise of revenue power. It is one of many like and regrettable devices to evade constitutional limitations, to impose duties of the states upon the United States, and to vest the latter with nondelegated and reserved police power of the former. The limits are that, if in any such measure Congress incorporates arbitrary and unreasonable inhibitions, in that they are not calculated to promote the revenue features, but intended to promote some object not within congressional power, to that extent the statute is unconstitutional and void, and the courts are bound to so declare it. See U. S. v. Doremus, 249 U. S. 86, 39 Sup. Ct. 214, 63 L. Ed. 493; Webb v. U. S., 249 U. S. 96, 39 Sup. Ct. 217, 63 L. Ed. 497.

Plaintiff's contention is that the act creates and denounces as a crime purchase of opium with the prescribed order forms for personal use; that this is found in section 2 (Comp. St. § 6287h), which provides:

"It shall be unlawful for any person to obtain by means of said order forms any of the aforesaid drugs for any purpose other than the use, sale, or distribution thereof by him in the conduct of a lawful business in said drugs or in the legitimate practice of his profession."

The objections to this are: (1) The alleged offense is not clearly and definitely expressed in section 2, and intendment and construction should not be resorted to to characterize acts and persons as within a new statute and criminal, without reasonable notice from the language of the statute. See U. S. v. Carney (D. C.) 228 Fed. 165, and cases cited. (2) Congress having no power to directly prohibit the purchase of opium for personal use, it cannot indirectly do so by incorporation of such prohibition in a revenue measure, the prohibition having no reasonable relation to the revenue. (3) If the section is so intended, it is to that extent unconstitutional and void. (4) Capable of another reasonable construction, viz. to prohibit business or practice in disregard of the details of procedure prescribed by the act to protect the revenue, which is constitutional, this will be adopted, rather than the one contended for which is unconstitutional. Business and practice conforming to the prescribed formalities are lawful and legitimate; otherwise, unlawful and illegitimate. Section 2 must be construed to be in aid of the only object of the act that is constitutional, viz. to create and safeguard revenue. How the purchase herein alleged could in any wise affect the revenue is inconceivable.

Nothing in section 2 forbids purchases for any lawful use. Among such may be purchase to destroy, or to absorb the supply, or to prevent purchase by others, or to obstruct illegal traffic, all of which are lawful purposes, and none of which are within section 2, even as purchase for personal use is not.

Demurrer sustained.