IN RE DISBARMENT OF J. D. WALLACE.—19 S. W. (2d) 625.

Court en Banc, June 29, 1929.

204

*Robert L. Ward* and *Mercer Arnold* for Committee on Grievances and Legal Ethics of Missouri Bar Association.

*Barton & Moberly* for defendant.

GANTT, J.—On July 27, 1925, the Prosecuting Attorney of Greene County filed in the circuit court of said county an information charging J. D. Wallace, the then Prosecuting Attorney of Oregon County, with the crime of seduction under promise of marriage. The venue was changed to the Circuit Court of Douglas County, where, on September 25, 1925, he was convicted and sentenced to the penitentiary. The judgment was affirmed by this court December 20, 1926. On October 5, 1928, a member of the bar, in good standing, filed in this court a written and verified charge informing the court of said conviction, alleging that the crime involved moral turpitude, and praying that Wallace be removed from the practice of law in the courts of this State. A certified copy of

the record of said conviction is attached to the information. The answer admitted the conviction, but denied that the crime involved moral turpitude. Other matters not material to the issues presented were therein alleged.

The relevant provisions of the statute follow:

"Sec. 681. Any attorney or counselor at law may be removed or suspended from practice in the courts of this State for any of the following reasons: First, if he be convicted of any criminal offense involing moral turpitude; second, if he unlawfully retain his client's money or if he is guilty of malpractice, fraud, deceit or misdemeanor whatsoever in his professional capacity. . . .

"Sec. 686. If the charge allege a conviction for any criminal offense involving moral turpitude, the court shall, on production of the record of such conviction, remove the attorney so convicted or suspend such attorney from practice for a limited time, according to the nature of the offense, as the court may deem just, and without further trial. . . ."

It will be noted that the word "may" is used in Section 681 in conferring on the courts the power to remove or suspend attorneys. The power conferred is for the protection of the bench, the bar and the public. For this reason the word "may" as used is mandatory.

By the terms of Section 686, the conviction of an attorney of a criminal offense involving moral turpitude is conclusive. Defendant argues that, even so, seduction under promise of marriage does not involve moral turpitude. The accepted definition follows:

"Moral turpitude is an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow man, or to society in general, contrary to the accepted and customary rule of right and duty between man and man; everything done contrary to justice, honesty, modesty and good morals." [5 Words & Phrases (1st) p. 4580; 3 Words & Phrases (2d) p. 444; 5 Words & Phrases (3d) pp. 214, 215.]

The relation created by an engagement to marry is one of confidence and trust. An abuse of that relation for the satisfaction of sexual desires is not only contrary to good morals but is an act of baseness and depravity. We have no doubt that seduction under promise of marriage involves moral turpitude.

Defendant directs attention to a note in 9 A. L. R. 189. Cases are there reviewed holding that neither fornication, sexual immorality, visiting houses of ill-fame, nor the keeping of such a house, constitutes unprofessional conduct. Disbarment by reason of a conviction of crime is expressly excluded from the annotation. In this proceeding the defendant is not charged with unprofessional conduct, but with a conviction of crime involving moral turpitude.

On the facts found by the jury (State v. Wallace, 316 Mo. 72, 289 S. W. 871) much could be said of his conduct. We will spare ourselves the task. At the time of the commission of the offense he was an officer of the court and the prosecuting attorney of a county. The nature of the offense considered, we are of the opinion that he should no longer be permitted to enjoy the high privileges of an attorney at law. Judgment is ordered entered removing him from practice in the courts of this State.

All concur, except *Atwood, J.*, not sitting.