In re Disbarment Proceedings Against CHARLES A. McNEESE.—142 S. W. (2d) 33.

Court en Banc, July 2, 1940.

*John T. Martin* and *E. L. Redman* for informants.

GANTT, J.—Original action in disbarment. On information filed by the Bar Committee charging McNeese, an attorney at law, with conduct involving moral turpitude, Hon. Arch B. Davis of the Chillicothe Bar was appointed special commissioner. He performed his duties as such by reporting his finding of facts and conclusions of law. The commissioner recommended the disbarment of McNeese.

Exceptions to the report were filed by McNeese. The exceptions may be reduced to a contention that said conduct of McNeese did not involve moral turpitude.

In this court McNeese filed no brief. Furthermore, we were not favored with oral arguments on the exceptions to the report. In this situation the case was taken as submitted on informant's brief and the exceptions to the report of the commissioner. The material facts follow:

Respondent McNeese was indicted by a Federal grand jury.

for the western division of the western district of Missouri. He was charged "with having unlawfully, willfully, knowingly and feloniously sold to one F. W. Fault 242 grains of Morphine hydrochloride, a derivative of opium not from the original package stamped and not in the original stamped package, upon which the tax had not been paid, as required by law."

On trial to a jury in the Federal court, McNeese was found guilty and sentenced to pay a fine of $100 and serve a term of one year and six months in the Federal penitentiary. On serving eleven months of the sentence, he was paroled.

We have approved the definition of moral turpitude as follows: " 'Moral turpitude is an act of baseness, vileness or depravity in the private and social duties which a man owes to his fellowman, or to society in general, contrary to the accepted and customary rule of right and duty between man and man; everything done contrary to justice, necessity, modesty and good morals.' " [In re Wallace, 323 Mo. 203, 19 S. W. (2d) 625.]

Clearly, the act of feeding opium to a fellowman involves moral turpitude. It is idle to otherwise contend. Indeed, the failure of McNeese to even brief the case in this court may be taken as an abandonment of the contention. The report of the commissioner and his recommendation of disbarment must be sustained. This ruling is supported by authorities as follows: In re Williams, 128 S. W. (2d) 1098; In re Wallace, supra; In re Richards, 333 Mo. 907, 63 S. W. (2d) 672; In re Meek (Okla.), 36 Pac. (2d) l. c. 268-9; White v. Andrews, 197 Pac. 564, 70 Colo. 50; In re Shepard, 170 Pac. 442-3, 35 Cal. App. 492; Spear v. State, 109 S. W. (2d) 1150; United States v. Parsons, 261 Fed. 223; In re Diesen (Minn.), 217 N. W. 356; Du Vall v. Board of Medical Examiners (Ariz.), 66 Pac. (2d) 1026, 1031; State v. Malusky (N. D.), 230 N. W. 738; In re Gottesfeld (Pa.), 91 Atl. 494, 495; In re Wolfe (Pa.), 135 Atl. 732; In re Peck, 88 Conn. 447, 91 Atl. 274, 275; People v. Meyerovitz (Ill.), 116 N. E. 192.

Judgment is ordered entered disbarring McNeese from engaging in the practice of law in this State. All concur.