CLAUDE O. PEARCY, ALBERT CHANDLER, JOHN S. MARSALEK, JAMES E. GARSTANG, and WILLIAM KOHN, Constituting the Bar Committee of the Eighth Judicial Circuit of Missouri, Informants, v. IGNATIUS PAGE.—No. 39713.—201 S. W. (2d) 403.

Court en Banc, March 10, 1947.

Rehearing Denied, April 21, 1947.

*Clifford Greve* for informants.

CLARK, J.—Original proceeding in this court to disbar respondent as an attorney. Informants constitute the Bar Committee of the Eighth Judicial Circuit of Missouri.

Proceeding in accordance with our rule number five, the committee held hearings and investigated certain charges of professional misconduct on the part of respondent. He was given due notice and appeared and made defense at the formal hearing. The committee unanimously found reasonable cause to believe the truth of the charges and caused an information to be filed in this court. After being duly served, respondent filed answer. We appointed S. E. Garner, a member of the St. Louis Bar, as special commissioner to hear testimony and report his findings of fact and conclusions of law. Respondent appeared before the commissioner and conducted his own defense, refusing an offer to appoint counsel for him. After an extensive hearing our commissioner has filed a report finding that most of the charges are true and recommending that respondent be disbarred. Respondent has filed exceptions to the report and the case has been briefed and argued here by respondent and by counsel for informants.

The evidence taken before our commissioner conclusively proves these facts: Respondent was licensed to practice law on February 21, 1922. On April 24, 1924, he entered a plea of guilty in the circuit court to a criminal offense, was sentenced to a term of sixty days in jail, but paroled on condition that he refrain from practicing law for a period of one year. In 1935 the Bar Association of St. Louis filed a petition in the circuit court seeking to disbar respondent, and on November 18th of that year a judgment was entered suspending him from the practice of law for six months. On April 20, 1944, in the St. Louis Court of Criminal Correction respondent was found guilty by a jury of obtaining money under false pretenses from one of his clients, and sentenced to one year in the workhouse and to pay a fine of fifty dollars. This judgment was affirmed by the St. Louis Court of Appeals in March, 1945. [See State v. Page (Mo. App.), 186 S. W. (2d) 503.]

Before our commissioner, and in this court, respondent has offered many dilatory motions and pleas, but has offered no reason in fact or law to excuse or palliate his misconduct as shown by the evidence.

The evidence shows that respondent has been convicted of a criminal offense involving moral turpitude; that he has been faithless to his own client and that his repeated misconduct shows him to be unfit to retain a license to practice law. [Section 13328, Revised Statutes

194

of Missouri 1939; (Mo. R. S. A.) Canon of Ethics, Supreme Court Rules 4.11 and 4.47; Neibling v. Terry, 352 Mo. 396, 177 S. W. (2d) 502; In re McNeese, 346 Mo. 425, 142 S. W. (2d) 33; State Bar Committee v. Stumbaugh (Mo.), 123 S. W. (2d) 51.]

It is ordered that the license of respondent as an attorney be canceled and that he be and is hereby disbarred from the practice of law in this state. All concur.