**In re Douglas C. MacLEOD.**

**No. 57030.**

Supreme Court of Missouri,
En Banc.

April 10, 1972.

Rehearing Denied May 8, 1972.

Irl B. Baris, Leonard J. Frankel, Newmark & Baris, St. Louis, for respondent.

John E. Burruss, Jr., Jefferson City, for Informants.

HENLEY, Judge.

This is an original proceeding for disciplinary action filed in June, 1971, by the Advisory Committee, as informants, against Douglas C. MacLeod, a member of the bar of this court, as respondent.

Informants allege, in substance: (1) that respondent is, and has been since August, 1947, licensed to practice law in this state; (2) that in October, 1969, respondent was charged by a three-count indictment filed in the United States District Court for the Eastern District of Missouri with violation of the Internal Revenue Code of the United States [1] in that he failed to make an income tax return for each of the calendar years of 1963, 1964 and 1965 [2]; (3) that

1. 26 U.S.C.A. (I.R.C.1954), § 7203.

2. Count I charged that his gross income in 1963 was $35,133.56; Count II that his gross income in 1964 was $12,821.92; Count III that his gross income in 1965 was $18,143.53.

respondent was tried by a jury and found guilty on all three counts; (4) that on January 5, 1970, respondent was sentenced by the trial judge to imprisonment for one year and fined $10,000.00 for the offense charged in Count I, but as to Counts II and III imposition of sentence was suspended and he was placed on probation for a period of five years, the probation to commence at the expiration of imprisonment imposed under Count I; (5) that the United States Court of Appeals for the Eighth Circuit affirmed the judgment of conviction, United States v. MacLeod, 436 F.2d 947, and thereafter, in April, 1971, his petition for writ of certiorari was denied by the United States Supreme Court, 402 U.S. 907, 91 S.Ct. 1378, 28 L.Ed.2d 647; (6) that pursuant to order of the court, respondent, in May, 1971, surrendered to serve and is now serving his sentence at the Medical Center for Federal Prisoners in Springfield, Missouri; (7) that the crime for which respondent was convicted involves moral turpitude and he should, therefore, be removed from the roll of attorneys licensed to practice law in this state and be disbarred as provided by § 484.240, RSMo 1969, V.A.M.S., and under the inherent power of this court to admit and remove persons from the practice of law in this state. A copy of the record of conviction has been filed with the court.

Respondent filed his response to the allegations of informants by which he admits the allegations of fact, but denies informants' conclusion that the offense of failing to file federal income tax returns involves moral turpitude. Respondent further alleges that failure to file income tax returns does not constitute " * * * an offense involving moral turpitude as a matter of law in this particular case." In support of this position he further alleges (1) that at his trial in district court he requested and the court refused to give the following instruction:

"The Court instructs the jury that you may not find the defendant guilty as to any count unless you find that the defendant acted as a result of his own moral turpitude, that is, as a result of baseness, vileness, or depravity in the private and social duties which according to the accepted standards of the time a man owes to his fellow man or to society in general."

(2) that the position of the government in the appeal to the Court of Appeals, as evidenced by a statement contained in its brief, was that respondent was not being tried for a crime involving moral turpitude, the statement being as follows:

"Instruction number 5 misstates the law and is quite misleading. Moral turpitude, or baseness, vileness or depravity are not required to be proven in this case. Wilfulness is the mens rea requirement, and instruction number 5 is clearly incorrect and was properly refused."

Respondent further alleges that to deprive him of the opportunity to practice law will constitute a deprivation of his property without due process of law, contrary to the provisions of Article I, § 10, Constitution of Missouri, V.A.M.S., and the Fifth and Fourteenth Amendments to the Constitution of the United States.

After hearing oral arguments of counsel the case was taken as submitted on the pleadings and briefs of the parties. No contention is made by respondent that he was denied procedural due process in connection with any of the proceedings prior to submission.

■ As indicated, the main question presented is whether or not willfully and knowingly failing to make a federal income tax return is an offense involving moral turpitude. Informants contend that it is, citing cases [3] in which this court has so held. Respondent, recognizing these decisions, contends to the contrary and suggests that the court reexamine its position

---

3. In re Lurkins, Mo., 374 S.W.2d 67; In re McMullin, Mo., 370 S.W.2d 151; In re Burrus, 364 Mo. 22, 258 S.W.2d 625.

in the light of decisions of other jurisdictions.[4]

Respondent also contends, more specifically, that the United States Court of Appeals, in affirming his conviction,[5] declared that on the facts of this case moral turpitude is not involved; that the law of this case was thus established and this court is bound thereby and may not discipline him.

■ We do not agree that the decision in United States v. MacLeod, supra, ruled the question and held as a matter of law that this offense did not involve moral turpitude. Furthermore, assuming for the purpose of discussion that it did so hold, we do not agree that that decision would represent the law of this case by which this court would be bound in determining whether the offense involves moral turpitude within the meaning of § 484.240 or our former Rule 4.47, V.A.M.R.[6]

In reexamining our position, as suggested by respondent, " * * * in the light of decisions of other jurisdictions * * * ", we find that those decisions were considered by the court in In re Burrus, and In re Lurkins, supra. It appears from those decisions that the courts have not crystallized the concept of "moral turpitude" with a reasonable degree of certainty, especially as it relates to the personal or professional life of a lawyer. The solution obviously does not lie in a definition, for examination of the cases demonstrates that from the same definition different views have resulted. All seem to agree, however, that income tax evasion is reprehensible conduct and that it involves an intent to defraud. The cases range from decisions which hold that it may not be inferred from the fact of conviction alone that moral turpitude is inherent in the crime and which require further showing that the particular conduct charged was infected with moral turpitude to those decisions which hold that mere conviction of an attorney for this offense is evidence of conduct involving moral turpitude. This court has adopted the latter view. The court held in In re Burrus, supra, that an " * * * intentional failure to make returns as the law required constituted conduct involving moral turpitude within the meaning of both the statute, § 484.240 RS Mo 1949, V.A.M.S., and our Rule 4.47." 258 S.W.2d at 627. In re Lurkins, 374 S.W.2d 1. c. 68; In re McMullin, 370 S.W.2d 1. c. 155. The question is well settled in this state and we are persuaded by our reexamination of the cases in other states that we should continue to maintain our present position.

■ Respondent should be disciplined. The limits to which that discipline should be extended have been given careful consideration. We are mindful that the purpose of these proceedings is not to punish, but rather to preserve the courts and the profession from the ministrations of those who, by their actions, degrade the administration of justice and demonstrate their unfitness to serve the courts as officers thereof. It is our judgment that an indefinite suspension will serve the ends of justice.

It is ordered that respondent be suspended indefinitely from the practice of law with leave to apply for reinstatement after expiration of eighteen months from the date of rendition of this decision upon a showing that he is a person of good moral character and fully qualified to be licensed as a member of the bar of Missouri.

All concur.

4. For decisions from other jurisdictions he refers us to Annotation: State Court Disciplinary Action against Attorney for Federal Income Tax Conviction, ■■■

5. United States v. MacLeod, 436 F.2d 947, cert. den., 402 U.S. 907, 91 S.Ct. 1378, 28 L.Ed.2d 647.

6. Now Rule 4, DR 1–102, V.A.M.R.