In re David J. KUETER.

No. 58277.

Supreme Court of Missouri, En Banc.

Nov. 28, 1973.

James E. Dearing, Clayton, for Appellant.

Busch, Baine & McEnery, Robert P. Baine, Jr., Clayton, for Respondent.

PER CURIAM:

This is a disciplinary proceeding filed in the Circuit Court of St. Louis County by the 21st Judicial Circuit Bar Committee, as informants, against David J. Kueter, a duly licensed attorney at law, as respondent.

Informants alleged, in substance: (1) that respondent, on May 7, 1971, entered a plea of guilty in the United States District Court for the Eastern District of Missouri to a charge of willfully and knowingly failing to make an income tax return for the calendar year 1967, in violation of Int. Rev.Code, § 7203; (2) that the crime involves moral turpitude; and (3) that respondent should be disciplined.

Respondent filed an answer admitting the fact of the conviction.

On March 2, 1973, a hearing was held before the Honorable Robert Lee Campbell. On March 6, 1973, Judge Campbell ordered respondent "suspended from the practice of law for a period of eight months, beginning April 1, 1973, and ending November 30, 1973." Informants filed exceptions which were overruled. Informants then filed petition for review in this Court under the provisions of Rule 5.11, V.A.M.R. Respondent asked that supersedeas not be granted and his suspension has been in effect since April 1, 1973.

■ In 1972, this Court reaffirmed that willfully and knowingly failing to make a federal income tax return is an offense involving moral turpitude. In re Douglas C. MacLeod, 479 S.W.2d 443 (Mo. Banc 1972).

■ The judgment of the trial court is ordered modified, and respondent is suspended indefinitely from the practice of law with leave to apply to this Court for reinstatement after the expiration of eighteen months from April 1, 1973, upon a showing that he is a person of good moral character and fully qualified to be licensed as a member of the bar of Missouri. It is so ordered.

Judgment modified to impose indefinite suspension.

SEILER, MORGAN, HOLMAN, HENLEY and FINCH, JJ., concur.

BARDGETT, J., concurs in part and dissents in part in separate opinion filed.

DONNELLY, C. J., concurs in part and dissents in part and concurs in opinion of BARDGETT, J.

BARDGETT, Judge (concurring in part and dissenting in part).

I respectfully dissent. The proceedings against the respondent were instituted by the 21st Judicial Circuit Bar Committee in the Circuit Court of St. Louis County pursuant to the provisions of the then existing Supreme Court Rule 5.03. This rule has since been amended (effective January 1, 1974) and the new rule permits the information against an attorney to be filed only in this court. Consequently this court will no longer be reviewing on appeal the orders of circuit courts in disciplinary matters. Therefore this case has no precedential value with respect to appellate review of circuit court judgments in disciplinary matters.

Nevertheless, Rule 5.03 as it existed at the time of this proceeding not only vested the circuit court with the authority to adjudicate the matter, but *required* that the information be filed in circuit court, and only permitted it to be filed here by leave of this court.

Rule 5.10, prior to amendment, vested the circuit court with power to dismiss the complaint if the court found for the accused and "[i]f the finding be that the charges are true the Court shall render a judgment finding the accused guilty, and shall either reprimand the accused or

suspend him from the practice for a time fixed in the *discretion of the Court,* or permanently disbar him, as shall to the Court seem proper." (Emphasis added.) Thus it is clear that the extent of discipline is contemplated by the rule to fall within the discretionary power of the court in which the information is filed.

In the case of In re Conner, 357 Mo. 270, 207 S.W.2d 492 (1948), this court reviewed on appeal a judgment of the circuit court in a disciplinary matter. The appeal in *Conner* was taken by the circuit bar committee, as in the instant case. In discussing the right of the circuit bar committee to take an appeal, this court said, at 207 S.W.2d p. 497: "The attorney informed against has the right of review. This is as it should be. That being true, his right to have reviewed by the Supreme Court any claimed *unreasonable exercise* of discretion, or any claimed irregularity or unfairness of the court below, can be no greater than the right of the public and the courts to have those matters reviewed." (Emphasis added.) And at 207 S.W.2d p. 498, this court said, "The above brings us to the question of whether the trial court's discretion was *reasonably* exercised." (Emphasis added.) Thus it appears that the criterion for review on appeal of a judgment entered by a court of competent jurisdiction in disciplinary matters is whether or not the circuit court exercised its discretion *unreasonably*. This is a different criterion than that which governs when the information is originally filed in this court, for then we are not reviewing a judgment of another court, but rather we are making the original factual determination and entering the final judgment.

In re MacLeod, 479 S.W.2d 443 (Mo. Banc 1972), cited in the principal opinion, was an action originally instituted in this court and not an appeal from the judgment of a circuit court. Additionally, MacLeod was convicted on three counts of failing· to file income tax returns for the years 1963, 1964, and 1965. He was sentenced to imprisonment for one year and fined $10,000

on count one, while as to counts two and three imposition of sentence was suspended; he was placed on probation for a period of five years, the probation to commence at the expiration of imprisonment imposed under count one. At the time the judgment of this court came down, he was still serving his sentence of imprisonment. In the instant case, respondent pleaded guilty to one count of failing to file an income tax return for the year 1967, was sentenced to six months' imprisonment (suspended with probation for two years) and received a $1,000 fine. The trial court in the instant case found that respondent's integrity, legal ability, and reputation are above reproach. All of the evidence, except for the fact of conviction, was offered by respondent in mitigation of discipline.

It is always a difficult problem to determine the extent to which attorneys should be disciplined. In re Moon, 310 S.W.2d 935, 938 (Mo. Banc 1958). "The main purpose of a proceeding of this nature is to make an inquiry into the fitness of an attorney to continue in the practice of law. Its main objective is not to punish the attorney but the protection of the public and the maintenance of the integrity of the profession and of the courts." In re Mattes, 409 S.W.2d 54, 57 (Mo. Banc 1966); see also In re O'Brien, 478 S.W.2d 310, 311 (Mo. Banc 1972). In my opinion, the trial court's resolution of the difficult problem of determining the extent of discipline was not unreasonable under the record in this case and therefore should, in that regard, be affirmed.

However, since it is not within the power of a circuit court to admit or readmit a person to the practice of law in this state, and since suspension, by its very nature, looks to a time in the future when an attorney may seek to be readmitted to the practice of law in Missouri, it seems to me that the only way this court can fulfill its obligation to the public and the bar is to require that an application for reinstatement be filed in this court.

Accordingly, I dissent from that portion of the principal opinion which increases the suspension period to eighteen months and concur in that portion of the opinion which requires an application for reinstatement to be filed in this court.