**In re Kenneth Edmond SHUNK, Respondent.**

**No. 74961.**

Supreme Court of Missouri, En Banc.

Feb. 23, 1993.

John E. Howe, Chief Disciplinary Counsel, Sam S. Phillips, Asst. Disc. Counsel, Jefferson City, for informant.

Dee Wampler, Springfield, for respondent.

ORIGINAL DISCIPLINARY PROCEEDING

HOLSTEIN, Judge.

For the second time [1] in as many months, the Chief Disciplinary Counsel seeks to discipline an attorney pursuant to Rule 5.20 following the attorney's plea of guilty in a criminal case. That rule authorizes suspension of a lawyer who has been convicted of a misdemeanor involving moral turpitude or of any felony. The rule further provides, "If the conviction is affirmed on appeal, the committee or chief disciplinary counsel shall file with this Court a motion to discipline, together with a certified copy of the judgment, whereupon the lawyer shall be subject to discipline by this Court without the requirement of any other proceeding."

An information and motion for discipline, together with supporting documents, were

---

1. *See In re Robert G. Duncan,* 844 S.W.2d 443 (Mo. banc 1992).

filed in this case. Shunk filed a response. The facts recited below are those reflected in the pleadings and certified court documents filed with this Court, as well as facts disclosed in the respondent's brief. The facts recited are not in dispute.

Kenneth Shunk was licensed to practice law in Missouri in 1978. On September 12, 1989, in Dallas County, Texas, Shunk pled guilty to the felony of "knowingly and intentionally" possessing cocaine. *Tex. Health & Safety Code Ann. § 481.115* (West 1992). Shunk was placed on probation for a term of three years and was fined $750. The court further ordered that "[t]he finding of guilt and further adjudication be deferred." Among the conditions of probation was that Shunk submit to urinalysis tests for usage of controlled substances.

A motion to proceed with adjudication of guilt was filed by the prosecuting attorney's office in Dallas County, Texas, on June 14, 1990, alleging that a urine specimen taken from Shunk had tested positive for cocaine. Although the probation was not revoked, the district court ordered that Shunk undergo inpatient treatment at the Clear Point Drug Treatment Facility.

On June 17, 1992, an information seeking to discipline Shunk was filed in this Court by the chief disciplinary counsel.

On July 14, 1992, the Dallas County, Texas, District Court entered its order that the "indictment in this case be dismissed and the defendant discharged from probation."

■ The first question for our determination is whether Shunk was "convicted" for the purposes of Rule 5.20. Texas law authorizes an "order of probation without adjudication of guilt" which "may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense." *Tex. Code Crim.Proc.Ann. art. 42.12 § 5(c)* (West 1993). Shunk claims he was not "convicted" because the proceedings against him were ultimately dismissed pursuant to the Texas Criminal Procedure Code.

Shunk cites several Texas cases in which a deferred adjudication was not treated as a conviction. *Ex parte Schillings*, 641 S.W.2d 538 (Tex.Crim.App.1982) (deferred adjudication not a conviction for which incarceration is a proper condition of probation); *Hosea v. State*, 802 S.W.2d 763 (Tex. App.1990) (deferred adjudication is not a conviction subject to appeal because no final adjudication of guilt has occurred); *Soliz v. State*, 809 S.W.2d 257 (Tex.App.1991) (deferred adjudication not treated as a conviction for purposes of impeaching a trial witness). None of these cases considered the nature of a deferred prosecution in the context of an attorney discipline case.

Shunk pled guilty to the felony charge of possession of cocaine, signing a document titled "Judicial Confession." The judge made a finding that there was sufficient evidence beyond a reasonable doubt to believe that the offense was committed. A fine of $750 was imposed. This is unlike a conviction in name only. In fact, the Texas disciplinary rules for attorneys are written to require suspension of an attorney during the period of probation "after the conviction, whether adjudicated or unadjudicated." *Tex.Gov't Code Ann. § 81.078(b)* (West 1988). "For purposes of disciplinary action against an attorney there can be an unadjudicated 'conviction.'" *Turton v. State Bar of Texas*, 775 S.W.2d 712, 714 (Tex.App.1989).

■ Rule 5.20 authorizes attorney discipline "whether the conviction resulted from a plea of guilty, nolo contendere or from a verdict after trial or *whether sentence is imposed or not*." (Emphasis added.) The same language has been in Rule 5.20 since before 1989 when Shunk pled guilty. The word "conviction," standing alone, does not ordinarily include "suspended imposition of sentence." *Yale v. City of Independence*, 846 S.W.2d 193 (Mo. banc 1993) (No. 74845, decided January 26, 1993). However, as the emphasized words make clear, for purposes of attorney discipline, a suspended imposition of sentence is considered a conviction. To hold otherwise would make the words "whether sentence is imposed or not" meaningless. Other than authorizing

assessment of a fine, the Texas "deferred adjudication" procedure is identical to Missouri's suspended imposition of sentence procedure. Thus, the deferred adjudication will be treated as a conviction for purposes of Rule 5.20.

Shunk argues that for this Court to treat his probation without adjudication of guilt as a conviction under Rule 5.20 would violate full faith and credit under the United States Constitution. Full faith and credit requires Missouri to give effect to judgments of other states. However, disciplining respondent in Missouri based upon his deferred adjudication in Texas would be giving the Texas judgment the same effect as it has in Texas. *See Turton, supra.* What is at issue here is not the enforcement of a Texas judgment, but the construction of the word "conviction" in Rule 5.20. This was not an issue in the Texas proceeding, and full faith and credit does not bar this Court from addressing it.

Shunk claims that the current version of Rule 5.20 is being applied retrospectively. When he committed the crime to which he pled guilty and when he pled guilty to the crime, Rule 5.20 provided in part:

> [A]n attorney ... convicted of a crime involving moral turpitude, whether the conviction resulted from a plea of guilty, nolo contendere or from a verdict after trial or whether sentence is imposed or not, this Court shall cause to be served on said attorney an order to show cause why said attorney should not be suspended from the practice of law pending the final disposition of any disciplinary proceeding based upon such conviction.

The current Rule 5.20, amended effective July 1, 1991, differs by authorizing suspension of an attorney for *any* felony conviction or a misdemeanor conviction involving moral turpitude.

■ Rule 5.20 is designed to provide an expedited procedure for disciplining attorneys convicted of certain offenses. The procedure avoids the time and expense of preliminary proceedings before either the circuit bar committee or the Advisory Committee where the issue of conduct justifying discipline has been judicially resolved against the attorney by virtue of the conviction. Rule 5.20 merely establishes a procedure applicable when a conviction has occurred and when the conviction is no longer subject to appeal. It is not a substantive rule of attorney conduct. A merely procedural rule may operate retroactively. *State ex rel. St. Louis–San Francisco Ry. Co. v. Buder,* 515 S.W.2d 409, 410 (Mo. banc 1974).

■ Even if the pre–1991 version of Rule 5.20 is applied, Shunk's conviction here involved moral turpitude. Moral turpitude means acts which are contrary to justice, honesty, modesty or good morals, or involving baseness, vileness or depravity. *In re Duncan,* 844 S.W.2d 443 (Mo. banc 1993). Shunk's "Judicial Confession" before the district court in Texas states he "knowingly" and "intentionally" possessed cocaine. The words "knowingly" and "intentionally," as defined by Texas law, indicate that Shunk had the "conscious objective or desire to engage in the conduct or cause the result" and "was aware of the nature of the conduct." *Tex.Penal Code Ann. § 6.03(a), (b)* (West 1974). The offense is a serious felony punishable by up to twenty years imprisonment. *Tex.Health & Safety Code Ann. § 481.115* (West 1992); *Tex.Penal Code Ann. § 12.33* (West 1974). In recent years illicit drug traffic has reached epidemic proportions. It threatens not only users with addiction but has blighted entire communities with death and violence. For an attorney who fully comprehends the nature and consequences of his conduct to become a participant in felony drug trafficking, even as a consumer, is morally reprehensible.

In our society, lawyers hold a place of special responsibility as advisors and counselors in the law. A judicial admission that a lawyer possessed cocaine, a felony, is a matter of grave consequence. Such conduct not only brings the lawyer's judgment and honesty into question but erodes public confidence in lawyers and the courts in general. For that reason, nearly every court that has addressed the question has concluded that a felony conviction for possession of narcotics is a crime of moral turpitude justifying disbarment or other disciplinary action against an attorney.

Kristine C. Karnezis, Annotation, *Narcotic Conviction as Crime of Moral Turpitude Justifying Disbarment or Other Disciplinary Action Against Attorney,* 99 A.L.R.3d 288 (1980). We agree.

The disciplinary counsel seeks disbarment, claiming it is the appropriate sanction because of the seriousness of the offense involved. However, disbarment is reserved only for cases of severe misconduct where it is clear the attorney is not fit to continue in this profession. *In re Forge,* 747 S.W.2d 141, 145 (Mo. banc 1988). The chief disciplinary counsel asserts no aggravating facts other than the conviction.

The respondent's brief asserts certain facts in mitigation, and disciplinary counsel conceded those facts in oral argument.[2] We accept those assertions as accurate. The actual quantity of the cocaine which Shunk possessed was 13.4 milligrams, or slightly more than .01 gram. Shunk attended an extensive inpatient program followed by regular attendance at Alcoholics Anonymous and Narcotics Anonymous meetings and other aftercare programs. Shunk has not mishandled the affairs of any client and was not practicing law during the time of the events leading up to his plea of guilty. He has expressed a willingness to submit himself to the Missouri Bar Committee on Lawyers Assistance or other organizations sponsored by The Missouri Bar designated to assist attorneys with real or suspected substance abuse problems. He has successfully completed the Texas probation. No other complaint of any professional misconduct has ever been lodged against this attorney.

In view of the facts, respondent is hereby suspended indefinitely from the practice of law with leave to apply for reinstatement six months after date of mandate of this case.

All concur.