547 So.2d 461 (1989)
Charles Edward CLARK
v.
ALABAMA STATE BAR.
88-348.
Supreme Court of Alabama.
June 9, 1989.
*462 James L. North and J. Timothy Francis, Birmingham, for appellant.
John A. Yung IV, Montgomery, for appellee.
Thomas M. Haas and Christopher Knight, Mobile, for amicus curiae Thomas M. Haas in favor of the appellant.
PER CURIAM.
This appeal presents the question of whether the failure to pay income taxes, as opposed to the failure to file an income tax return, is a crime involving moral turpitude as a matter of law. On June 23, 1987, Charles Edward Clark pleaded guilty to four counts of violating 26 U.S.C. § 7203 by failing to pay his federal income taxes. He was sentenced to the federal penitentiary for these misdemeanors and was required to pay the delinquent taxes. Clark has served time and has paid the taxes due for the years in question.
On December 15, 1987, the office of the General Counsel of the Alabama State Bar filed a petition under Rule 14(b), Rules of Disciplinary Enforcement, to disbar or suspend Clark from the practice of law. Rule 14(b) requires the disbarment or suspension of an attorney when he is convicted of a felony or a misdemeanor involving "moral turpitude." The Bar argues that his crime is one involving moral turpitude; Clark argues the contrary. The Bar held a hearing in this matter on November 10, 1988.
By order dated November 15, 1988, the Disciplinary Commission of the Alabama State Bar Association found that a conviction under 26 U.S.C. § 7203 for failure to pay income taxes was a crime involving moral turpitude per se, and suspended Clark from the practice of law for a period of six months. Clark appealed. We reverse.
The question of which crimes involve moral turpitude arises most frequently in cases involving the testimony of a witness who has been convicted of a crime, inasmuch as our evidentiary statutes provide that a witness's credibility may be attacked by examining him as to prior convictions for offenses involving moral turpitude. Code 1975, § 12-21-162.
The question of which crimes involve moral turpitude arises also in the case of a lawyer who violates the law, because a significant number of jurisdictions, including Alabama, have statutory provisions or court rules providing that an attorney may be disbarred or otherwise disciplined when he is found guilty of a crime involving moral turpitude. See Annot., 63 A.L.R.3d 476 at 479 (1975). "The importance of the moral turpitude determination, therefore, is that it so often determines whether a disciplinary proceeding is appropriate, and, if appropriate, the severity of the discipline to be imposed." Id. The cases generally involve violations of the provisions of the Internal Revenue Code, as does the present case.
McElroy's Alabama Evidence defines "moral turpitude," for the purpose of determining which crimes are severe enough that evidence of conviction may be used to impeach the credibility of a witness, as follows:
"Moral turpitude signifies an inherent quality of baseness, vileness and depravity. It is immoral in itself, regardless of the fact that it is punished by law. Therefore [offenses] for conviction of which a witness' credibility is lessened must be mala in se and not mala prohibitum."
C. Gamble, McElroy's Alabama Evidence, § 145.01(7) (3d ed. 1977). This Court addressed the question of whether evidence showing that a witness had been found guilty of the offense of income tax evasion in violation of 26 U.S.C. § 7201 could be properly introduced in a trial to impeach the credibility of a witness, in the case of Meriwether v. Crown Investment Corp., 289 Ala. 504, 268 So.2d 780 (1972). We held that the offense of income tax evasion was one involving moral turpitude and that *463 inquiry as to a witness's commission of that crime was a proper line of questioning. In so holding, we said:
"Moral turpitude has been defined as `an act of baseness, vileness or depravity in the private and social duties which a man owes to his fellowmen or to society in general.' Lee v. Wisconsin State Board of Dental Examiners, 29 Wis.2d 330, 139 N.W.2d 61. The inherent nature of the offense itself, rather than the mere fact that such acts are made criminal offenses, determines whether any given offense involves moral turpitude."
289 Ala. 504, 268 So.2d 780, 787 (1972). The Alabama Bar urges that we find that a violation of 26 U.S.C. § 7203 is a crime of moral turpitude, not only for purposes of impeachment of a witness, as in Meriwether, but also for purposes of the imposition of discipline upon a lawyer. It argues that the violation of 26 U.S.C. § 7203 has been found to be a crime involving moral turpitude in such cases as Matter of Nicholson, 243 Ga. 803, 257 S.E.2d 195 (1979); In re Bass, 49 Ill.2d 269, 274 N.E.2d 6 (1971); and State Board of Law Examiners v. Holland, 494 P.2d 196, 197 (Wyo.1972).
We see a distinction between between those cases involving a violation of 26 U.S.C. § 7201 (evasion of income taxes, a felony) and a violation of 26 U.S.C. § 7203 (failure to pay taxes, a misdemeanor). Our examination of the cases shows us that courts have made the decision as to whether a violation of 26 U.S.C. § 7203 constitutes a crime of moral turpitude by weighing the facts of the case. Where the courts have found moral turpitude, there has been a willful and knowing failure to file an income tax return with the Federal Government. Because the facts show an inherent deceit and fraud on the part of the party, the crime has been found to be one involving moral turpitude. Other cases find no moral turpitude in a failure to file when there was no misrepresentation as to facts or falsification of records. In re Rohan, 21 Cal.3d 195, 145 Cal.Rptr. 855, 578 P.2d 102 (1978); Matter of Cochrane, 92 Nev. 253, 549 P.2d 328 (1976), and In re Weisensee, 88 S.D. 544, 224 N.W.2d 830 (1975). We have found no cases holding that the failure to pay income taxes is a crime of moral turpitude, as a matter of law, where an income tax return has been filed.
We have carefully examined the record and briefs in this case. We do not find that the facts and circumstances in the present case establish that this crime involves moral turpitude. In the present case Clark filed his income tax return and told the Government what he owed, but failed to timely pay his taxes. There was no fraud or deceit on the part of Clark as to the fact that he owed the taxes. He acknowledged the fact and the amount of his debt to the Government.
Our holding is in line with the reasoning of other courts that have considered this issue and that have looked to the facts of each individual case to determine whether the baseness, vileness, and moral depravity necessary to a finding of moral turpitude exist:
"Section 7203 of 26 USCS (substantially the same provision as § 145(a) of the Internal Revenue Code of 1939) provides that any person who is required to pay any estimated tax or tax, or required to make a return, keep any records, or supply any information, and who wilfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required, shall be guilty of a misdemeanor. An indictment under this provision commonly charges that the attorney knowingly and wilfully failed to file an income tax return. There seems to be less support in these cases for the proposition that a mere conviction for violating this provision involves moral turpitude as a matter of law. The more prevalent holding in these cases appears to be that an attorney's conviction for failing to file an income tax return involves moral turpitude only if the facts and circumstances establish its presence."
Annot., 63 A.L.R.3d 476, at 480 (1975).
We hold that the failure to pay income taxes in violation of 26 U.S.C. § 7203 does not constitute a crime of moral turpitude as a matter of law, and we reverse the decision of the Disciplinary Commission of the Alabama State Bar.
REVERSED AND REMANDED.
*464 HORNSBY, C.J., and JONES, ALMON, SHORES and KENNEDY, JJ., concur.
MADDOX, ADAMS, HOUSTON and STEAGALL, JJ., concur in the result, with opinion by HOUSTON, J.
HOUSTON, Justice (concurring in the result).
Willful failure to pay income taxes in violation of 26 U.S.C. § 7203 can constitute evidence of a crime involving moral turpitude for which an attorney "must be disbarred or suspended" under Rule 14(b), Alabama Rules of Disciplinary Enforcement. However, willful failure to pay income taxes is not a crime involving moral turpitude as a matter of law; therefore, a certified or authenticated copy of a conviction of willful failure to pay income taxes in violation of 26 U.S.C. § 7203 is not "conclusive evidence" that an attorney has been convicted of a "misdemeanor involving moral turpitude." Nothing more was offered in this case; therefore, Clark's suspension must be reversed.
Because this matter has been concluded, the following comment is dictum; however, the State Bar may find it helpful in reviewing the circumstances in which moral turpitude has been found to exist in cases involving failure to file income tax. See, 63 A.L.R.3d 476-508 (1975) "Federal Income Tax Conviction As Involving Moral Turpitude Warranting Disciplinary Action Against Attorney," suggesting that those factors are (1) evidence of intentional dishonesty or fraudulent intent; (2) evidence that the attorney's conduct was for personal gain; (3) evidence showing a pattern of dishonest conduct; or (4) evidence that the conduct had an effect on the attorney-client relationship.
MADDOX, ADAMS and STEAGALL, JJ., concur.