631 So.2d 855 (1993)
Gary Carlton HUCKABY
v.
ALABAMA STATE BAR.
1921551.
Supreme Court of Alabama.
December 10, 1993.
On Application for Rehearing January 21, 1994.
L. Drew Redden and Maxwell H. Pulliam of Redden, Mills & Clark, Birmingham, for appellant.
L. Gilbert Kendrick, Gen. Counsel, Alabama State Bar, for appellee.
HOUSTON, Justice.
Gary Carlton Huckaby appeals from an order of the Disciplinary Commission of the Alabama State Bar Association ("the Disciplinary Commission") suspending him from the practice of law. We reverse and remand.
Responding to Huckaby's conviction in a federal district court for violating 26 U.S.C. § 7203 (failure to file an income tax return, a *856 misdemeanor), the general counsel of the Alabama State Bar Association ("the general counsel") formally charged Huckaby with misconduct and petitioned the Disciplinary Commission to suspend or disbar him, pursuant to Rule 22(a)(2), Alabama Rules of Disciplinary Procedure (Interim) (hereinafter all rule citations are to the Rules of Disciplinary Procedure). After rejecting Huckaby's request to refer the charge to one of the state bar's disciplinary boards for trial, the Disciplinary Commission conducted an evidentiary hearing; it later entered an order finding that Huckaby had committed a "serious crime," as defined in Rule 8, and suspending him from the practice of law for 45 days. Pursuant to Rule 26(g), that order was stayed pending this appeal.
The dispositive issue is whether the Disciplinary Commission acted within its authority in suspending Huckaby.
The Disciplinary Commission is composed of four members of the Board of Bar Commissioners of the Alabama State Bar Association; the members are not permitted to serve simultaneously on the Disciplinary Commission and on a disciplinary board. Rule 5(a). Rule 5(b) provides that the "[m]embers of the commission shall exercise the powers and perform the duties conferred and imposed upon them by [the Rules of Disciplinary Procedure] and by the rules of procedure adopted by the board of commissioners of the Alabama state bar."[1] Upon receiving a recommendation from the general counsel or from a local grievance committee, either of which has the authority to initiate a disciplinary investigation or proceeding, Rule 3(c), the Disciplinary Commission must decide, by a majority vote, whether an allegation or a complaint of misconduct on the part of a lawyer should be concluded by dismissal, by the imposition of a private or a public reprimand, or by the filing of a formal charge before one of five five-member disciplinary boards. Rule 12(c)(1). Each disciplinary board is composed of five members of the Board of Bar Commissioners and each "exercise[s] the powers and perform[s] the duties conferred and imposed upon it by [the Rules of Disciplinary Procedure] and the rules of procedure adopted by the board of commissioners of the Alabama state bar, including the power and duty to consider and investigate any alleged ground for discipline or alleged disability of a lawyer called to its attention, or upon its own motion, to take such action with respect thereto as shall be appropriate to effectuate the purposes of [the] rules." Rule 4(b).
Although the Disciplinary Commission is vested with the customary powers of a factfinding tribunal (e.g., the power to administer oaths and affirmations and the power to compel by subpoena the attendance of witnesses and the production of books, papers, and documents), Rule 17, its factfinding and disciplinary responsibilities do not extend to the trial of a formal charge filed by the general counsel, such as the one filed against Huckaby. The Disciplinary Commission has the authority to suspend a lawyer for not complying with the state bar's Client Security Fund Rules (Rule 9), Mandatory Continuing Legal Education Rules (Rule 10), and the bar's Rules Governing Interest on Lawyer Trust Accounts (Rule 11). Rule 12(c)(2) authorizes the Disciplinary Commission to impose a public or a private reprimand on a lawyer found to be guilty of certain kinds of misconduct. Rule 20 authorizes the Disciplinary Commission to suspend a lawyer temporarily, pending imposition of final discipline. Likewise, Rule 21 authorizes the Disciplinary Commission to place a lawyer on temporary probation, and under Rule 24 the Disciplinary Commission may enter an order accepting and implementing a lawyer's conditional plea of guilt to a formal charge, provided that the General Counsel also approves the conditional plea. However, Rule 12 specifically states that "[a] disciplinary charge filed by the [general counsel] shall be tried to the disciplinary board by a formal hearing." *857 The procedure for a formal hearing before one of the boards is set out in Rule 12(e).
Rule 22, the rule that formed the basis for the general counsel's charge against Huckaby, provides for the mandatory suspension or disbarment of a lawyer previously convicted in a court of law of a "serious crime." Rule 22(a)(2) states:
"A lawyer must be disbarred or suspended:
"....
"If the lawyer's conviction for a `serious crime,' as defined in Rule 8 of these rules, has become final, regardless of the plea, in any court of record of this or any other state or of the United States or territory of the United States. The record of his or her conviction or a copy thereof certified and authenticated in the manner authorized by law is conclusive evidence of such conviction. When the conviction is not final, the general counsel may file a petition with the disciplinary commission, make a showing of good cause, and request the lawyer be suspended immediately, pursuant to Rule 20 of these rules, irrespective of such lawyer's right to appeal his or her conviction."
Rule 8(c)(2) defines a "serious crime" as follows:
"(A) A felony;
"(B) A lesser crime involving moral turpitude;
"(C) A lesser crime, a necessary element of which, as determined by the statutory or common law definition of such crime, involves interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or
"(D) An attempt, a conspiracy, or the solicitation of another to commit a `serious crime.'"
Because Huckaby's conviction was final when the general counsel filed the formal charge of misconduct against him, the last sentence of Rule 22(a)(2), which would have authorized the Disciplinary Commission to temporarily suspend Huckaby pending a final determination of the charge, was not applicable. Therefore, the factual question of whether the crime to which Huckaby had pleaded guilty (i.e., failure to file an income tax return) constituted a "serious crime" within the meaning of Rule 8(c)(2) should have been submitted to a disciplinary board for final resolution. See, e.g., Clark v. Alabama State Bar, 547 So.2d 461 (Ala.1989), wherein this Court held that the failure to pay income tax is not per se a crime involving moral turpitude. Not only is this the kind of factfinding function that the disciplinary boards were intended to perform, but this separation of responsibility between the Disciplinary Commission and the disciplinary boards provides the constitutional underpinning for the disciplinary rules with respect to the handling of a formal charge filed against a lawyer. The right to practice law in this state is constitutionally protected as a valuable property right, and no lawyer can be deprived of that right except by due process of law and upon the presentation of clear and convincing evidence of misconduct. Worley v. Alabama State Bar, 572 So.2d 1239 (Ala.1990); Rule 19. Because the Commission is charged with the responsibility of making an initial determination as to whether probable cause exists to file a formal charge against a lawyer, acting, in essence, as a "grand jury" in this respect, Rules 4(a) and 5(a) expressly prohibit any member of the Disciplinary Commission from serving on a disciplinary board. By trying the formal charge filed against Huckaby in this case, the Disciplinary Commission assumed the conflicting roles of both an accusatory tribunal and the ultimate determiner of guilt, violating both Rule 5 and Rule 12. As a result, Huckaby was forced to have the facts of his case determined by the same tribunal that had previously heard allegations against him and that had formed prosecutorial judgments concerning probable cause for a finding of guilt. This was not the procedure contemplated by the Rules of Disciplinary Procedure, and it was impermissible in this case.
For the foregoing reasons, we hold that the Disciplinary Commission lacked the authority under the Rules of Disciplinary Procedure to try the formal charge filed against Huckaby. Therefore, the order suspending Huckaby from the practice of law for 45 days *858 is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, STEAGALL, INGRAM and COOK, JJ., concur.

On Application for Rehearing
HOUSTON, Justice.
In our December 10, 1993, opinion, we cited Clark v. Alabama State Bar, 547 So.2d 461 (Ala.1989), for the proposition that "the failure to pay income tax is not per se a crime involving moral turpitude." 631 So.2d at 857. The sole issue presented in Clark was whether the failure to pay income tax was per se a crime involving moral turpitude. The precise issue raised in the present case concerning the Disciplinary Commission's power to try a formal charge brought under Rule 22(a)(2) was not raised in Clark; therefore, contrary to the contention of the general counsel, our decision in the present case is not inconsistent with our decision in Clark.
APPLICATION OVERRULED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, STEAGALL, INGRAM and COOK, JJ., concur.
NOTES
[1] Huckaby represents in his brief that "[i]nquiry prior to the hearing of this cause ... resulted in a statement [from the general counsel] that no additional rules of procedure had been established by the Board of Bar Commissioners." The general counsel does not argue that this case is controlled by any rules of procedure that may have been adopted by the Board of Bar Commissioners.