**Leslie H. MOATES, Plaintiff,**

v.

**Sheriff Neeley STRENGTH, Defendant.**

**No. CIV.A.98–A–697–N.**

United States District Court, M.D. Alabama, Northern Division.

Aug. 2, 1999.

Thomas J. Azar, Jr., Montgomery, AL, for plaintiff.

Norman Gunter Guy, Jr., Montgomery, AL, for defendant.

### *MEMORANDUM OPINION*

ALBRITTON, Chief Judge.

## I. *INTRODUCTION*

This case is before the court on Cross–Motions for Summary Judgment. Defendant Sheriff Neeley Strength ("Sheriff Strength") filed his Motion for Summary Judgment (Doc. # 35) on June 1, 1999. Plaintiff Leslie H. Moates ("Moates") responded to that motion and filed his Cross–Motion for Summary Judgment (Doc. # 38) on June 10, 1999. Sheriff Strength also filed a Motion to Strike (Doc. # 41). In addition to the briefs, the court also considers oral argument heard on July 29, 1999 and Sheriff Strength's Hearing Brief filed concurrently therewith.

Moates alleges two claims against Sheriff Strength in his Amended Complaint. Claim I alleges that Sheriff Strength violated Moates' civil rights pursuant to 42 U.S.C. § 1983 by denying Moates the opportunity to earn a living as a private

detective without explanation of the grounds upon which the decision was made. Claim II alleges that Sheriff Strength, by denying Moates a business license to operate as a private detective deprived Moates of a property right in the licenses without due process in violation of the Fifth and Fourteenth Amendments to the United States Constitution. Moates claims that Sheriff Strength acted under color of state law and pursues a remedy under 42 U.S.C. § 1983. The court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331.

The court's March 19, 1999 Order dismissed all claims against Sheriff Strength in his official capacity for money damages and dismissed the claim against Sheriff Strength in his individual capacity regarding the denial of a pistol license. The only claims before the court are those for prospective, injunctive relief and the individual capacity claims related to the denial of a business license. *See* Order of March 19, 1999 (Doc. # 33).

For the reasons to be discussed, Sheriff Strength's motion is due to be granted, and Moates' motion is due to be denied.

## II.  *SUMMARY JUDGMENT STANDARD*

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a gen-

uine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–24, 106 S.Ct. 2548.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In resolving the present cross-Motions for Summary Judgment the court will construe the facts in the light most favorable to the nonmovant when the parties' factual statements conflict or inferences are required. *Barnes v. Southwest Forest Indus.,* 814 F.2d 607, 609 (11th Cir.1987).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

## III.  *FACTS*

The submissions of the parties establish the following facts:

On or about May 22, 1997, Moates went to the Chilton County, Alabama Courthouse to apply for a state pistol license and a business license to operate as a private detective. On that date, Moates filled out an application for a pistol permit in Sheriff Strength's office.[1] Moates alleges that he was informed that Sheriff Strength would have to approve Moates' application before the business license to operate as a private detective could be issued. *See* Moates Aff. ¶ 3.

On or about June 11, 1997, Moates went to the Chilton County Courthouse to talk with Sheriff Strength. Moates alleges that during their meeting Sheriff Strength informed Moates that Sheriff Strength was denying both licenses. Moates Aff. ¶ 5. Moates further alleges that Sheriff Strength stated that Moates' criminal history and bad references were the reasons for the denial of both licenses. *Id.* ¶¶ 5 and 7. Moates alleges that he asked Sheriff Strength for a further explanation, and Sheriff Strength told Moates that he would not give a pistol permit to someone he did not know or allow such a person to operate as a private detective in his county. *Id.* ¶ 8.

Sheriff Strength's recollection of the June 11, 1997 meeting with Moates is somewhat different. Sheriff Strength states that he talked to Moates about the charges that appeared on his criminal history and asked him to bring any proof that the cases appearing thereon had been dismissed or resolved favorably for him. Sheriff Strength Aff. ¶ 3. Moates, for his part, denies that Sheriff Strength asked Moates to provide additional information. *See* Moates Aff. ¶ 6. It is, however, undisputed that Moates never provided any ad-

ditional information to Sheriff Strength following the June 11, 1997 meeting.

During their meeting, Sheriff Strength asked Moates for references, which Moates provided. Sheriff Strength Aff. ¶ 3. Sheriff Strength states that he called the references and that they did not provide favorable information on Moates' character. *Id.* Moates attempts to refute Sheriff Strength's statement regarding the references with three unsworn statements attached to his affidavit.[2] *See* Moates Aff., Exs. A, B and C. Sheriff Strength states that based on "the applicant's criminal history, the unfavorable references, his failure to provide proof that the matters appearing on his criminal history had been resolved favorably, and the applicant's failure to provide proper information on his application," Sheriff Strength determined that Moates was not a suitable person to receive a pistol license. Sheriff Strength Aff. ¶ 5.

Sheriff Strength also states that he has no authority to issue a business license or a detective license in Chilton County and that neither he nor his office handles the issuance of such licenses. *Id.* The Probate Judge of Chilton County possesses the sole authority and power to issue businesses licenses for persons seeking to do business in Chilton County. *See* Ala.Code § 40–12–2; Shirley Robinson Aff. ¶ 2.

## IV. DISCUSSION

The dispositive questions in this case are whether Moates has a fundamental right to work as a private detective in Chilton County, Alabama or a protected liberty or property interest in the issuance of the business license.[3] Absent such a funda-

---

1. Sheriff Strength has statutory authority to determine whether to issue a pistol permit. *See* Ala.Code § 13A–11–75.

2. Moates has opposed a perceived Motion to Strike these three Exhibits. *See* Plaintiff's Response to Defendant's Motion to Strike (Doc. # 42). It does not appear to the court, however, that Sheriff Strength has moved to strike these Exhibits. *See* Defendant's Motion

to Strike (Doc. # 41) at 5–6 (requesting that the court strike "hearsay references to recorded conversations" and the "unsupported hearsay assertions" found in three paragraphs of the Cross–Motion for Summary Judgment).

3. These issues were addressed by the parties in Oral Argument.

mental right or protected interest, Sheriff Strength's actions, even assuming the truth of Moates' version of the facts, were not a denial of Moates' federally protected right of due process. Although Moates' Amended Complaint is unclear, it appears to the court that he has alleged both substantive and procedural due process violations. The court, therefore, applies both substantive and procedural due process analyses to Moates' claims.

For Moates to have a valid substantive due process claim, Moates must show that he has a fundamental right that was infringed by state action. The Supreme Court has interpreted the Fifth and Fourteenth Amendments' guarantee of "due process of law" to include a substantive component, which forbids the government to infringe certain "fundamental" liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest. *Reno v. Flores,* 507 U.S. 292, 301–02, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993).

Substantive due process analysis must begin with a careful description of the asserted right, as the Supreme Court emphasizes the use of judicial restraint and cautions against judicial creation of new fundamental rights. *See id.* at 302, 113 S.Ct. 1439. At oral argument, Moates' counsel, citing *Board of Regents of State Colleges v. Roth,* argued that Moates had a fundamental liberty interest in the right to contract and to engage in any of the common occupations of life, which, presumably, includes the specific right to run a private detective agency in Chilton County, Alabama. *See* 408 U.S. 564, 572, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

■ In order to be afforded substantive due process protection, the right at issue must be so fundamental that our democratic society and its inherent freedoms would be lost if that right were to be violated. *See McKinney v. Pate,* 20 F.3d 1550, 1561 (11th Cir.1994). The Supreme Court has recognized that the right to follow a chosen profession free from unreasonable government interference comes within the "liberty" and "property" concepts of the Fifth Amendment. *See Greene v. McElroy,* 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959). Deprivation of this right, however, cannot be established unless the plaintiff has been banned from engaging in his profession with any employer. *See Pirolo v. City of Clearwater,* 711 F.2d 1006, 1011 (11th Cir.1983). No evidence has been presented that Moates has been precluded from pursuing his profession with all employers. Even without a license to operate his own detective agency in Chilton County, Alabama, Moates could work for another licensed detective agency or pursue his profession on his own in another county. The court, therefore, cannot find that Moates was denied a fundamental right to pursue his profession by the alleged denial of a business license to operate as a private detective. *See Boyett v. Troy State Univ. at Montgomery,* 971 F.Supp. 1403, 1414 (M.D.Ala.1997) (granting summary judgment on a substantive due process claim because "no evidence has been presented that the Plaintiff has been precluded from pursuing his profession with all employers."). Sheriff Strength is entitled to summary judgment on Moates' substantive due process claim.

■ Moates' claim for denial of procedural due process is also based on the failure of Sheriff Strength to issue the business license to operate as a private detective. In order to state a procedural due process claim, Moates must possess a protected property or liberty[4] interest in

---

4. Moates has neither alleged the deprivation of a liberty interest in his Amended Complaint nor explained how he could possess a liberty interest in an unissued business license, except that the denial of the license prevents him from following his chosen profession. That argument was rejected above, and the court finds that Moates does not have a liberty interest in a business license to operate as a private detective in Chilton County, Alabama.

the issuance of the business license by Chilton County. *See Arrington v. Dickerson,* 915 F.Supp. 1503, 1508 (M.D.Ala. 1995). "Property interests are not created by the [United States] Constitution but are defined by existing rules or understandings that stem from an independent source such as state law and arise only where the plaintiff demonstrates a 'legitimate claim of entitlement.'" *Id.* (internal quotations and citations omitted). Thus, to evaluate whether Moates has a "property interest," the court must look to the applicable state law, including both case law and statutes governing the issuance of business licenses for detective agencies.

▇ No Alabama court has published an opinion on the specific issue of whether an applicant has a property interest in a business license to operate as a private detective. Courts interpreting Alabama law have held that certain types of business licenses, even after issuance, are not property. These include bail bond licenses, liquor licenses and a salvage operator's business license. *See U.S. v. Shotts,* 145 F.3d 1289, 1297 (11th Cir.1998) (reversing a mail fraud conviction because a bail bond license is not property under Alabama law); *Spradlin v. Spradlin,* 601 So.2d 76, 77 (Ala.1992) (finding no property interest in a salvage operator's business license in Alabama); *Ott v. Everett,* 420 So.2d 258, 261 (Ala.1982) (holding that a license to operate a bar or a package store is not property). *Cf. Huckaby v. Alabama State Bar,* 631 So.2d 855, 857 (Ala.1993) (finding a property interest in an issued law license); *Medical Ass'n of Alabama v. Shoemake,* 656 So.2d 863, 867 (Ala.Civ. App.1995) (finding a property interest in an issued medical license).[5] The court also notes that no Alabama court appears to have found a property interest in an unissued license.

Even assuming, however, that a property interest could be found in an unissued

business license, the court finds that Moates has not satisfied the statutory requirements for the issuance of the business license. The Alabama statutes governing the issuance of business licenses to operate as a private detective require an applicant only to pay a $100 licensing fee, and additional $1 fee, and any accrued "costs, fees and penalties." *See* Ala.Code §§ 40–12–2 and 40–12–93. Upon the payment of such monies, the probate judge, commissioner of licenses or Department of Revenue "shall issue the license." Ala.Code § 40–12–2. As acknowledged by Moates' counsel at oral argument, however, Moates has neither tendered the appropriate fees to nor requested a business license to operate as a private detective in Chilton County from the Probate Judge of Chilton County. In other words, Moates has not met the statutory requirements for the issuance of the business license. The court, therefore, cannot find that Moates has any sort of entitlement to or property interest in the business license.

▇ In response to this argument, Moates alleges that because Sheriff Strength told him that both licenses would be denied, any application to the Office of the Probate Judge of Chilton County for the business license would be futile. The court, however, is not persuaded by this argument. Moates' filing of this lawsuit clearly indicates that he believed that Sheriff Strength's alleged statements regarding the denial of the business license were improper. Nothing but Moates' belief that Sheriff Strength would act improperly to deny the business license prevented Moates from formally applying for the license at the Office of the Probate Judge of Chilton County by paying the appropriate fees and requesting the license. The court cannot recognize a party's subjective belief that wrongdoing will occur as a viable claim for deprivation of that party's civil rights.

5. The court finds these professional licenses distinguishable, as the licenses in these cases had been issued. In the present case, Moates

argues that the business license should be issued, not that an issued license has been improperly revoked or infringed.

Furthermore, even if Moates believed that Sheriff Strength's alleged statement was tantamount to the denial of the business license, Moates should have protested Sheriff Strength's decision with the Office of the Probate Judge of Chilton County. Moates states that someone in the Office of the Probate Judge, not the Probate Judge, informed him that Sheriff Strength's approval would be necessary for the issuance of the business license. It is unclear to the court why Moates did not inform the Probate Judge that Moates believed Sheriff Strength was improperly refusing to approve the business license. Instead of protesting the perceived wrongs through available channels, Moates filed a federal lawsuit asserting the violation of his civil rights. This the court cannot allow. Sheriff Strength is entitled to summary judgment on all remaining claims against him.

In his Cross–Motion, Moates alleges that he is entitled to summary judgment because Sheriff Strength has not shown that he did not require applicants for private detective licenses to receive approval for such licenses from the Sheriff's Office and that any such requirement would be outside of the scope of Sheriff Strength's duties and authority. As noted above, however, Moates has not shown that he has a sufficient liberty or property interest in the issuance of the business license to support a due process claim. Moates' Motion for Summary Judgment is due to be denied.

## V. CONCLUSION

For the foregoing reasons, Defendant Sheriff Neeley Strength's Motion for Summary Judgment is due to be granted, and Plaintiff Leslie H. Moates' Motion for Summary Judgment is due to be denied. A separate Order will be issued in accordance with the terms of this Memorandum Opinion.